# EXHIBIT "B"

# EXHIBIT "B"

Electronically Filed
12/2/2022 11:10 AM
Steven D. Grierson
CLERK OF THE COURT

Jonathan D. Roven (SBN 015807)
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Tel.: 702-605-5409
jon@thenevadalawyer.com

Attorney for Plaintiff LEE KIRK

CASE NO: A-22-861992-C
Department 26

DISTRICT COURT

CLARK COUNTY, NEVADA

| | |
|---|---|
| LEE KIRK,<br><br>       Plaintiffs,<br><br>     v.<br><br>WALMART INC., an Arkansas corporation; ROE CORPORATIONS 1 TO 10;<br><br>       Defendants. | CASE NO:<br><br>DEPT. NO:<br><br>**COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>**ARBITRATION EXEMPTED** |

COMES NOW Plaintiff LEE KIRK (hereinafter "Plaintiff" or "KIRK") complains as follows:

1. Plaintiff LEE KIRK was at all times relevant a resident of Clark County, Nevada.

2. Defendant WALMART INC. (hereinafter "WALMART") is an economic entity duly licensed to conduct, and was conducting at all pertinent times, business in Clark County, Nevada.

3. The identities of DEFENDANTS, Does 1 through 10, are unknown at this time and maybe individuals, partnerships, subsidiaries, units, parent corporations, businesses, entities, companies, joint ventures, and/or corporations and maybe alternate identities and/or masters, agents, servants, employees, employers, predecessors-in-interest, successors-in-interest, or assigns of the named DEFENDANTS herein. Plaintiff alleges that each of the DEFENDANTS designated as the DEFENDANTS, DOES 1 through 10 and/or ROE CORPORATION DEFENDANTS 1 through 10, and vice versa.  Plaintiff requests leave of Court to amend this complaint to name the DOE and ROE Corporation Defendants when their identities become known.

4. This action is brought by the Plaintiff as a former employee WALMART who was discriminated against based on disability, and retaliated against in various unlawful forms for engaging in protected activities.

5. On or about September 28, 2021, Defendant WALMART hired Plaintiff KIRK as a Stocker. Plaintiff performed his job satisfactorily until his termination. Plaintiff was in the same position until his termination on or about February 2022.

6. On or about February 10, 2022, Plaintiff suffered a medical episode where he was called into work to report his condition to his supervisor. Plaintiff asked for an accommodation. Plaintiff was advised by his supervisor to not return to work until February 15, 2022.

7. On February 11, 2022, Plaintiff's supervisor told Plaintiff that him not returning to work would result in discipline in the form of "points." Plaintiff complained to the supervisor stating that "points" should not be affected.

8. During Plaintiff's sick leave, Plaintiff's supervisor called Plaintiff on February 14, 2022 and advised him that he was terminated.

9. Plaintiff's employment with WALMART was terminated due to his perceived disability and in retaliation for complaining about discipline for using protected and approved leave.

10. Plaintiff filed timely charges of discrimination with the appropriate administrative agencies, including the Nevada Equal Rights Commission ("NERC") and the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC (along with NERC) has given these plaintiffs their right to sue letters, and therefore, Plaintiffs have fulfilled all jurisdictional requirements for the filing of this suit under the applicable statutes of Nevada and The United States of America.

## FIRST CLAIM FOR RELIEF

### (Discrimination Pursuant to NRS 613.330 and 613.340)

11. Plaintiff hereby repeats and re-alleges the allegations set forth above, inclusive, as though fully set forth herein.

12. Nevada law prohibits employers to discriminate in pay and/or discharge an employee due to a person's race, color, religion, sex, sexual orientation, gender identity or expression, age, disability or national origin.

13. Defendants violated Nevada law when Defendants terminated the above-named plaintiff after they perceived him as disabled.

14. Due to the unlawful actions of the Defendants, Plaintiff was damaged in an amount in excess of $10,000.00.

15. Due to the unlawful actions of the Defendants, Plaintiff was required to retain the services of an attorney.

## SECOND CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith & Fair Dealing)

16. Plaintiff hereby repeats and re-alleges the allegations set forth above, inclusive, as though fully set forth herein.

17. Every contract in Nevada contains an implied covenant of good faith and fair dealing, including employment contracts.

18. Defendants breached the implied covenant of the good faith and fair dealing attached to the plaintiff's contract by discriminating against him based on his perceived disability, and retaliating against him for taking sick leave from work, complaining about discipline for taking approved protected leave, by discharging him.

19. Such breach of the implied covenant has damaged the plaintiffs in an amount exceeding $10,000.00.

20. Defendants actions has required the plaintiffs to seek the services of an attorney.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. A sum in excess of $10,000 for general, compensatory and special damages for the plaintiff;

2. For legal pre-judgment interest at the interest rate allowable by law;

3. For punitive damages in excess of $10,000;

4. For reasonable attorney fees and costs of suit; and

5. For any such further relief this court deems just and proper.

DATED: December 2, 2022

By: _____
Jonathan D. Roven
Attorney for Plaintiff

**COMPLAINT** - 4 -